UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:14CV00704 AGF ) |
| HILLTOP C&I, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel and exhibits. For the reasons set forth below, the Court will grant the motion.

## BACKGROUND

Plaintiffs filed this action to collect delinquent fringe benefit contributions on behalf of the Construction Laborers Benefit Funds pursuant to the Labor Management Relations Act, 29 U.S.C. §185, and the Employee Retirement Income Security Act, 29 U.S.C. §1132. On March 17, 2015, Clerk's Entry of Default was entered as to Defendant Hilltop C&I, Inc., and on March 23, 2015, the Court granted Plaintiffs' motion for default judgment in the amount of $9,662.13.

The affidavit of Plaintiffs' attorney Emily R. Perez asserts that Defendant has not paid any of the judgment despite demand by Plaintiffs. On October 13, 2015, Plaintiffs sent a Notice of Rule 69 Deposition and Request for Production of Documents to Defendant, attention Thomas Hills. The Notice requested that Hills, as an officer of

Defendant, appear for a deposition pursuant to Federal Rule of Civil Procedure 69(a), at the office of Plaintiffs' counsel on November 11, 2015, at 10:00 a.m., and the simultaneous production of certain documents relevant to Plaintiffs' efforts to collect the judgment in this case. Hills did not appear at the deposition or produce any of the requested documents, nor did he contact Plaintiffs' counsel with respect to the deposition notice.

## **DISCUSSION**

Rule 69(a) of the Federal Rules of Civil Procedure provides that proceedings in aid of execution "shall be in accordance with the practice and procedure of the state in which the district court is held . . . except that any statute of the United States governs to the extent that it is applicable." *Id*. Rule 69 further provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in [the Federal Rules of Civil Procedure] or in the manner provided by the practice of the state in which the district court is held." *Id*. Here, Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment, and the production of relevant documents. This procedure is appropriate pursuant to Rule 69(a). *See Credit Lyonnais, S.A. v. SGC Int'l, Inc*., 160 F.3d 428, 431 (8th Cir. 1998).

The record shows that Hills, as the principal of Defendant, was properly noticed for deposition but failed to appear. Plaintiffs' motion to compel discovery should therefore be granted, *see id*., and Hills will be ordered to appear for a deposition at the offices of Plaintiffs' counsel, and to produce the requested documents at the same time.

## **CONCLUSION**

Accordingly,

2

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel post-judgment discovery is **GRANTED**. (Doc. No. 21.)

**IT IS FURTHER ORDERED** that Thomas Hills, as an officer of Defendant Hilltop C&I, Inc., shall appear for a post-judgment deposition and produce the records requested in the October 13, 2015 Notice of Deposition and Request for Production of Documents, at the offices of Plaintiffs' counsel (Hammon and Shinners, P.C., 7730 Carondelet, Suite 200, St. Louis, MO 63105) on **Thursday, January 7, 2016, at 10:00 a.m.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order to Defendant, Attn. Thomas Hills, at 1533 Hogan Street, St. Louis, MO 63106.

**Defendant and Thomas Hills are cautioned that failure to comply with this Order may result in civil contempt sanctions which may include incarceration of Thomas Hills.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of December, 2015.